IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Wilbur Harris, ) | |
| ) | C/A No.: 2:05-0183-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R & O P I N I O N** |
| Jo Anne B. Barnhart, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This is an action brought pursuant to sections 205(g) and 1631(c)(3) of the Social Security Act (the "Act"), codified as amended at 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying disability insurance and Supplemental Security Income ("SSI") benefits.

**PROCEDURAL HISTORY**

Plaintiff Wilbur Harris filed applications for SSI payments on March 5, 1999 and disability insurance benefits on May 4, 1999, alleging that he was unable to work as of February 16, 1999 because of Meniere's Disease, dizziness, high blood pressure, and chronic obstructive pulmonary disease ("COPD"). The application was denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge ("A.L.J."), which was held on April 25, 2000. On July 10, 2000, the A.L.J. issued a decision that Plaintiff was not eligible for disability, disability insurance, or SSI benefits under sections 216(i), 223, and 1614(a)(3)(A) of the Act. The decision of the A.L.J. became the final decision of the Commissioner on February 28, 2002, after the Appeals Council determined that there was no basis for granting Plaintiff's request for review.

Plaintiff thereafter brought an action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the final decision of the Commissioner. On December 16, 2002, this court reversed the Commissioner's decision and remanded the case for further proceedings.

On November 12, 2003, a supplemental hearing was held before a different A.L.J. Plaintiff appeared at the hearing with counsel. On December 16, 2003, the A.L.J. found that Plaintiff was not disabled. On December 15, 2004, the A.L.J.'s ruling became the final decision of the Commissioner when the Appeals Council declined to review the A.L.J.'s findings. Thereafter, Plaintiff brought this action seeking judicial review of the final decision of the Commissioner.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for a Report and Recommendation. On September 23, 2005, the Magistrate Judge filed a Report and Recommendation in which he recommended that the Commissioner's decision to deny benefits be reversed. The Magistrate Judge also recommended that the case be remanded to the Commissioner to award benefits. The Commissioner filed objections to the Report on October 4, 2005. This matter now is before the court for review of the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. See Mathews v. Weber, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

2

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58.

The Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). However, the Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. Richardson v. Perales, 402 U.S. 389, 401 (1971).

## FACTS/ANALYSIS

At the A.L.J. hearing, Plaintiff claimed that he became disabled on February 16, 1999 as a

result of ringing in his ears, Meniere's Disease, dizziness, high blood pressure, and chronic obstructive pulmonary disease ("COPD"). Administrative Record, 179. Though the Commissioner adopted the A.L.J.'s findings that Plaintiff's hypertension, occlusive arterial disease of the left leg, angina pectoris, and history of Meniere's Disease were severe impairments, the Commissioner held that Plaintiff does not have an impairment falling under the Listing of Impairments found at Appendix 1, Subpart P, Regulation No. 4. Id. at 181. The A.L.J. ultimately concluded that "[Plaintiff] retains the residual function capacity ["R.F.C."] to perform the full range of at least sedentary work . . . ." Id. at 183. The A.L.J. held that because Plaintiff retains the R.F.C. to perform a full range of sedentary work, Plaintiff is not disabled and not entitled to the requested benefits. Id. at 184.

In his Report and Recommendation, the Magistrate Judge found that the A.L.J.'s assessment of Plaintiff's R.F.C. is not supported by substantial evidence and is inconsistent with the A.L.J.'s other findings. Report and Recommendation, 8. In so doing, Magistrate Judge Carr first recounted that "the instant case was previously remanded from this court based on a finding that the initial A.L.J. 'failed to explain how he arrived at his decision that Plaintiff could perform a full range of sedentary work.'" Id. at 7-8 (quoting Report and Recommendation of Magistrate Judge, filed 10/31/02 in C/A# 2:02-cv-01406-MBS, CM/ECF entry 10). The Magistrate Judge then noted that the instant R.F.C. assessment remains "conclusory," "does not contain any rationale or reference to the other severe impairments [suffered by Plaintiff]," or "indicate any nonexertional restrictions which would be expected from these impairments . . . ." Id. at 8. He also noted that the A.L.J. failed to "include in his R.F.C. assessment 'a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and

other evidence.'" Id. (quoting Social Security Ruling 96-8p).

The Commissioner argues in her objections to the Report and Recommendation that the A.L.J. did not err in failing to explicitly state how Plaintiff could perform a full range of sedentary work. Objections, 2. The Commissioner states that "it is clear from the record that Plaintiff was able to perform all of the requirements of sedentary work." Id. She also notes that Dr. Linder, a physician who evaluated Plaintiff, "determined that Plaintiff could meet or exceed the lifting, sitting, and standing requirements of sedentary work." Id. The Commissioner argues that Dr. Linder's assessment, coupled with the fact that "none of Plaintiff's physicians placed any limitations on Plaintiff's ability to lift, sit, stand, or walk," entitles the A.L.J. to reasonably infer that Plaintiff was capable of performing a full range of sedentary work. Id. The court disagrees.

An A.L.J. is required to explicitly consider all relevant evidence and expressly indicate the weight given to that evidence, particularly when there are conflicting physician opinions. Hines v. Bowen, 872 F.2d 56, 59 (4th Cir. 1989); Murphy v. Bowen, 810 F.2d 433, 437 (4th Cir. 1987) (quoting Gordon v. Schweiker, 725 F.2d 231, 235-36 (4th Cir. 1984)). Otherwise, the court cannot "scrutinize the record as a whole to determine whether the conclusions reached are rational." Arnold v. Secretary, 567 F.2d 258, 259 (4th Cir. 1977); see also Gordon, 725 F.2d at 236.

In the present case, the A.L.J. stated that "[Plaintiff] retains the residual functional capacity to perform the full range of at least sedentary work." Administrative Record, 183. This conclusion follows the brief discrediting of Plaintiff's descriptions of his disabling impairments and a cursory rejection of the opinion of Dr. Romanic, Plaintiff's treating physician. There is no reference in the A.L.J.'s decision to the opinion of Dr. Linder and no evidence that the A.L.J., beyond a brief discussion of the date of Dr. Romanic's letters summarizing Plaintiff's condition, weighed the

opposing opinions of these medical professionals. Because the A.L.J. makes no specific reference to medical reports or any other evidence upon which his decision was based, the court cannot conclude that a reasonable mind could accept the record as adequate to support the Commissioner's denial of disability and SSI benefits. See Richardson v. Perales, 402 U.S. 389, 401 (1971). Any effort by this court to determine how the A.L.J. concluded that Plaintiff retains the R.F.C. to perform sedentary work would be merely a " guessing game" because " we are [] left in the difficult position of attempting to review [the A.L.J.' s] factual findings without any understanding of how [he] reached them." Bill Branch Coal Corp. v. Sparks, 213 F.3d 186, 191 (4th Cir. 2000). Accordingly, the Commissioner's first objection is overruled.

The Commissioner also objects to the Magistrate Judge's recommendation that the court remand the case for payment of benefits. Objections, 3. The Commissioner argues that the proper remedy would be "to remand the case for further administrative action." Id. She further avers that "the court does not have authority to award disability benefits" as the acceptance of the Magistrate Judge's recommendation "leaves unresolved the main factual dispute whether Plaintiff was disabled under [42 U.S.C. § 423(a)(1)(E)]." Id. The court disagrees.

Contrary to the Commissioner's assertion, sentence four of the statute permitting judicial review of the final decision of the Commissioner explicitly grants the court the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, *or reversing* the decision of the Commissioner of Social Security, *with or without remanding the cause for a rehearing.*" 42 U.S.C. § 405 (g) (emphasis added). Reversal is appropriate where a remand would serve no purpose. Tennant v. Schweiker, 682 F.2d 707, 710 (8th Cir. 1982). Reversal is particularly appropriate when instructions accompanying a previous remand have not been addressed. See

Jenkins v. Sullivan, 906 F.2d 107, 109 (4th Cir. 1990). This case has been previously remanded because the Commissioner failed to adequately justify the conclusion that Plaintiff can perform a full range of sedentary work. The Commissioner has again failed to provide an explanation for his determination. Considering that the Commissioner has had over six years to evaluate Plaintiff's application, as well as the benefit of this court's specific directive to supplement the A.L.J.'s previous determination, the court finds that remanding the case for further determinations would serve no benefit. Accordingly, reversal is appropriate.

The Commissioner asserts that reversal is inappropriate because "there remains a dispute whether Plaintiff was disabled." Objections, 3. The record does not support this argument. Federal Regulations (20 C.F.R. § 404.1520) detail the sequential, "five-step" evaluation an A.L.J. must perform when analyzing a claim for benefits.[1] In the instant case, the A.L.J. performed the first two

---

[1]

The Supreme Court has summarized the Social Security Administration's ("SSA") evaluation procedures as follows:

> Acting pursuant to its statutory rulemaking authority, 42 U.S.C. §§ 405(a) [42 USCS § 405(a)] (Title II), 1383(d)(1) [42 USCS § 1383(d)(1)] (Title XVI), [SSA] has promulgated regulations establishing a five-step sequential evaluation process to determine disability. See 20 CFR § 404.1520 (2003) (governing claims for disability insurance benefits); § 416.920 (parallel regulation governing claims for Supplemental Security Income). If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further. At the first step, [SSA] will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity." §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." §§ 404.1520(c), 416.920(c). At step three, [SSA] determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. §§ 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider

"steps" of the required analysis and determined that Plaintiff was not gainfully employed, Administrative Record, 180, and suffered from severe impairments. Id. at 181. Though the A.L.J., in performing "step three," found that Plaintiff "does not demonstrate the degree or severity of findings necessary to meet [those listed] in the Listing of Impairments," id., he determined under the requisite "step four" analysis that Plaintiff was unable to perform his previous work. Id. at 183. Accordingly, there is no dispute in the record that Plaintiff is severely disabled as there is no argument with the A.L.J.'s determination .

The only "dispute" arguably remaining is whether Plaintiff's impairments prevent him from performing other work existing in sufficient numbers in the national economy that accommodates his R.F.C. and vocational factors. 20 C.F.R. § 404.1520(a)(4)(v). This is a determination to be made by the A.L.J. and Plaintiff bears no burden at this step. See 20 C.F.R. § 404.1520(g) (If *we* find that you cannot do your past relevant work because you have a severe impairment(s) . . .*we* will consider the [] residual functional capacity assessment . . . together with your vocational factors . . . to determine if you can make an adjustment to other work.") (emphasis added); see also Pass v. Chater, 65 F.3d 1200, 1206 (4th Cir. 1995) (noting that the burden is on the Defendant at this step); Wilson v. Heckler, 743 F.2d 218, 220 (4th Cir. 1984) (noting same). The Commissioner has had two opportunities to provide evidence that Plaintiff, despite his impairments, retains the residual function capacity to perform other work. The Commissioner's repeated failure to meet her burden on this issue indicates that this point is factually uncontested. Further, in circumstances where substantial

---

> so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. §§ 404.1520(f), 404.1560(c), 416.920(f), 416.960(c).

Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (footnotes omitted).

and uncontradicted evidence in the record indicates that Plaintiff is disabled and entitled to receive benefits without further extended delay, there is no reason to remand for further consideration. See Gilliland v. Heckler, 786 F.2d 178, 185 (3d Cir. 1986). The Commissioner's final objection is overruled.

## CONCLUSION

After reviewing the record, the applicable law, the briefs of counsel, the findings and recommendations of the Magistrate Judge, and Defendant's objections, the court adopts the Magistrate Judge's Report and incorporates it herein by reference. For the reasons set out hereinabove and in the Report and Recommendation, the Commissioner's final decision is reversed and remanded to the Commissioner solely for an award of benefits.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

Columbia, South Carolina

December 7, 2005